UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| TOBY GOTTDIENER,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>                              Plaintiff,<br>v<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br>FEDERAL PACIFIC CREDIT COMPANY, LLC,<br>RESURGENT CAPITAL SERVICES .LP. AND<br>SHERMAN FINANCIAL GROUP, LLC<br><br>                              Defendants. | Civil Action, File No.<br>7:19-cv-06005-VB |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Toby Gottdiener [hereinafter "Gottdiener"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Dynamic Recovery Solutions, LLC ("DRS"), Federal Pacific Credit Company, LLC [hereinafter "FPCC"], Resurgent Capital Services L.P. (Resurgent), and Sherman Financial Group, LLC [hereinafter "Sherman"], collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also

derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Gottdiener is a natural person who resides in Monsey, NY.

6. Gottdiener is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about January 29, 2018, DRS sent Gottdiener the letter annexed as Exhibit A. Gottdiener received and read Exhibit A. For the reasons set forth below, Gottdiener's receipt and reading of Exhibit A deprived Gottdiener of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, DRS sent Exhibit A to Gottdiener in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, allegedly being issued a credit card account by US Bank for his individual use, allegedly individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, allegedly failing to pay for these charges. DRS, via Exhibit A attempted to collect this past due debt from Gottdiener in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account.

10. Based on the above, the past due debt at issue in Exhibit A arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. DRS is a South Carolina Limited Liability Company and a New York Foreign Limited Liability Company.

12. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

13. DRS possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

14. On Exhibit A, DRS sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

15. Based upon Exhibit A and upon DRS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of DRS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

16. Based upon the allegations in the above three paragraphs, DRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. FPCC is a Utah Limited Liability Company and a New York Foreign Limited Liability Company.

18. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent

possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

19. FPCC possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

20. On its website, FPCC describes itself as follows:

> "Federal Pacific Credit, LLC is a Certified Professional Receivables Company (RMAI CERTIFICATON NUMBER: C1609-1096).
> Year Certified: 2016
> Chief Compliance Officer: Angie Christiansen
> RMAI Certified Receivables Compliance Professional, number P1605-1219"

21. Based upon Exhibit A and the above allegations, the principal purpose of FPCC is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and therefore, FPCC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

22. Resurgent is a Delaware Limited Partnership and a New York Foreign Limited Partnership.

23. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt

Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

24. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

25. On its website, Resurgent describes itself as follows:

> "Resurgent Capital Services is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. We manage accounts across the credit spectrum including performing accounts, sub- and non-performing accounts, secured accounts, and unsecured accounts. Our offices are located in Greenville, SC and Cincinnati, OH. As a loan servicer and licensed collection agency, we may perform collection activities on accounts directly, or we may outsource the recovery activities to other independently owned collection agencies and law firms."

26. On Exhibit A, Resurgent identifies itself as a debt collector.

27. Based upon the above allegations, the principal purpose of Resurgent is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.; and therefore, Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

28. Sherman is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

29. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly

or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

30. Sherman wholly owns numerous subsidiaries such as FPCC and Resurgent which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA. Upon information and belief, Sherman directs and/or requires and/or allows Sherman's wholly owned "debt collectors" subsidiaries to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which Sherman's wholly owned "debt collectors" attempt to collect.

31. Based on the above, the principal purpose of Sherman is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

32. Based on the above, Sherman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

33. Upon information and belief, FPCC and/or Resurgent issued work standards, directives, and/or guidelines to DRS which contained instructions, controls, and rules governing the steps DRS could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

34. FPCC and Resurgent are wholly owned subsidiaries of Sherman.

35. Upon information and belief, Sherman, a "debt collector", directs and/or requires and/or allows Sherman's wholly owned subsidiaries such as FPCC and Resurgent to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always

possesses the beneficial interests in the collection accounts which FPCC and Resurgent attempt to collect in the name of FPCC; and Sherman directly actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of FPCC including the selection and supervision and continuous evaluation of the effectiveness of collections agencies such as DRS.

36. For the above reasons, Sherman is vicariously liable for the actions of FPCC, Resurgent, and DRS.

37. All the actions alleged in this Complaint taken by DRS were taken by DRS as the "debt collector", agent, and/or attorney for the "debt collector" FPCC, Resurgent, and Sherman.

38. Based on the above allegations, FPCC, Resurgent, and Sherman are vicariously liable for the actions of DRS.

## FIRST CAUSE OF ACTION-CLASS CLAIM

39. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-38 of this Complaint.

40. Exhibit A sets forth the following regarding the amount of the debt:

>    Current Balance: $3,732.11
> Itemization of balance: Charge-off Balance: $3,732.11; Interest Accrued since Charge-off: $0.00;
> Non-interest charges accrued since charge-off: $0.00; Non-interest fees accrued since charge-off: $0,00;
> Total amount of payments made on the debt since the charge-off: $0.00

41. Setting forth that there has been zero interest and non-interest charges or fees since charge-off alone or in conjunction with describing the "Balance" as the "current" "Balance" could cause the least sophisticated consumer to believe that he might incur additional interest and non-interest charges or fees subsequent to the date of Exhibit A.

42. However, on the date of Exhibit A, the creditor was not accruing interest, non-interest

charges or fees on the "Current Balance" set forth in Exhibit A.

43. Based on the above, Defendants violated 15 USC § 1692e, 15 USC 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "Current Balance" or describing the "Balance" as the "current" "Balance".

## SECOND CAUSE OF ACTION-CLASS CLAIM

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-38 of this Complaint.

45. Exhibit A sets forth a "Current Balance" of $3,732.11.

46. Per Black's Law Dictionary, the word "current" means "Running; now in transit; whatever is at present in course of passage; as "the current month.".

47. This is in contrast to "total" which means "[w]hole; . . . full; complete; . . . ; absolute". *Total*, Black's Law Dictionary 1719 (10th ed. 2014); *see also Total*, Merriam-Webster.com. (June 6, 2018), https://www.merriam-webster.com/dictionary/total (defining "total" as "comprising or constituting a whole: ENTIRE").

48. This also is in contrast to the word "amount" which signifies a total, present quantity and means "the sum total to which anything mounts up or reaches . . . in quantity". OXFORD ENGLISH DICTIONARY (2d ed. 1989). *Kolbasyuk v. Capital Mgmt. Servs., LP* (2nd Cir., 2019).

49. One court in this District has differentiated the use of the modifier "Total" with the use of the word "Current". *Carall v The CBE Group,Inc.*, 17-cv-3678 (SFJ)(ARL) (EDNY 2018).

50. Two courts in this District have found that the word "current" reasonably could be interpreted by the least sophisticated consumer to mean that the balance is not static but will change. *Azzara v. Nat'l Credit Adjusters, LLC* 1:16-cv-01213 (N.D. N.Y., 2017), and

*Thomas v. Midland Credit Mgmt., Inc.* 2:17-cv-00523 (ADS)(ARL) (E.D.N.Y., 2017).

51. Based on the above, describing the balance using the word "current" reasonably could be interpreted by the least sophisticated consumer to mean that the balance is not static but will change.

52. However, on the date of Exhibit A, the creditor was not accruing interest, late charges, and/or other charges on the "Current Balance" set forth in Exhibit A.

53. Based on the above, Defendants violated 15 USC § 1692e, 15 USC 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "Current Balance" or describing the "Balance" as the "current" "Balance".

## THIRD CAUSE OF ACTION-CLASS CLAIM

54. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-38 of this Complaint.

55. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-38 of this Complaint.

57. Defendants violated 15 USC 1692g as a result of DRS sending Exhibit A to Gottdiener.

## CLASS ALLEGATIONS

58. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

59. The classes consist of (a) all natural persons (b) who received a letter from DRS dated between January 29, 2018 and the present (c) to collect on a consumer debt, (d) owed to FPCC (e) in a form materially identical or substantially similar to Exhibit A.

60. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

61. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

62. The predominant common questions are whether Defendants' letters and debt collection lawsuits violate the FDCPA.

63. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

64. A class action is the superior means of adjudicating this dispute.

65. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:        August 22, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107